**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CARL M.,

    **Plaintiff,**

    v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

Case No. 6:14-CV-01294-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees (Doc. 33), which seeks attorney's fees in the amount of $12,000.00 pursuant to 42 U.S.C. § 406(b). Defendant does not object, but asks the Court to award reasonable fees. For the following reasons, the Court grants Plaintiff's motion. The Court also orders Plaintiff's counsel, David H. M. Gray, to refund to Plaintiff the smaller fee amount ($5,627.55) that he received under the Equal Access to Justice Act ("EAJA") after Mr. Gray receives his $12,000.00 in attorney's fees from the Commissioner.

**I.**     **Background**

Plaintiff retained counsel on or about April 25, 2012, entering into a contingent-fee agreement for twenty-five percent of all retroactive benefits. After Plaintiff's claim was denied at all administrative levels, Plaintiff sought judicial review in this Court. On August 6, 2015, the Court granted Defendant's unopposed Motion for Remand, reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanding this case for further

1

administrative proceedings.[1] On January 12, 2016, the Court awarded attorney's fees under the EAJA, 28 U.S.C. § 2412(d), in the amount of $5,627.55.[2]

On remand, Plaintiff was found disabled as of March 16, 2011.[3] The Commissioner awarded Plaintiff total retroactive benefits of $75,000.00 and withheld twenty-five percent, $18,750.00, for attorney's fees.[4]

Defendant has responded to Plaintiff's Motion for Attorney Fees, taking no position on counsel's fee request but deferring to the Court's discretion on the reasonableness of the award.[5] Defendant notes that in addition to fees being capped at twenty-five percent of past-due benefits under § 406(b), Plaintiff must be refunded the lesser of the fees awarded under § 406(b) and the EAJA.[6]

## II. Legal Standard

Attorneys representing clients in Social Security proceedings may seek fees under both the EAJA and the Social Security Act ("SSA"), 42 U.S.C. § 406(b). "There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of [the] claimant's past-due benefits."[7] Fees awarded under the EAJA

---

[1] Doc. 20.

[2] Doc. 32.

[3] Notice of Award, Doc. 34-2 at 3.

[4] *Id*. at 4.

[5] Doc. 36 at 3.

[6] *Id*. at 1–3.

[7] *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) (citing *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001); 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1)). Although fees awarded under the EAJA are based on a statutory maximum rate, they may be adjusted upward to account for cost-of-living increases, as was done in this case. *See Martin v. Colvin*, 198 F. Supp. 3d 1248, 1251 (D. Kan. 2016) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii)) ("The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.").

penalize the Commissioner for taking an "unjustified legal position" and are paid out of agency funds to the claimant.[8] Because fees awarded under the EAJA are paid to the claimant, they are "subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[9] In contrast, fees awarded under the SSA "satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits" to his or her attorney.[10] "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[11]

The Court has already awarded fees under the EAJA and must now decide the reasonableness of counsel's separate fee request under the SSA. Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."[12] The statute allows courts to award fees based on a contingent-fee agreement, but the court must act as an independent check on such agreements to assure that they satisfy the statutory requirement of yielding "reasonable results in particular cases."[13] Fees may be awarded when a plaintiff is awarded past-due benefits after the court has

---

[8] *McGraw*, 450 F.3d at 497 (quoting *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994)).

[9] *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

[10] *McGraw*, 450 F.3d at 497 (quoting *Orner*, 30 F.3d at 1309).

[11] *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)).

[12] "The [SSA] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *McGraw*, 450 F.3d at 498 (quoting *Gisbrecht,* 535 U.S. at 794). "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* (citations omitted).

[13] *Gisbrecht*, 535 U.S. at 807; *see McGraw*, 450 F.3d at 498 (quoting *Gisbrecht*, 535 U.S. at 807) ("With regard to work before the courts, '§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefit claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.'").

remanded for further administrative proceedings.[14] The amount of the fee award is left to the Court's sound discretion.[15]

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court has directed courts to consider several factors, specifically: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for delay that caused benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[16] The Supreme Court noted that "the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[17]

## III. Discussion

Applying the *Gisbrecht* factors, the Court concludes that the requested fee of $12,000.00, which is sixteen percent of the award of past-due benefits, is reasonable. Plaintiff's counsel has made an adequate showing under the first two factors. After representing Plaintiff for four years (one year before this Court), counsel obtained a favorable result—nearly seven years of past-due benefits. And the Court finds no evidence that counsel was responsible for any delay in this case.

Regarding the third factor—whether the benefits awarded are large in comparison to the amount of time counsel spent on the case—the Court notes that Plaintiff's counsel has submitted a table reflecting hours he spent on various tasks necessary to his representation of Plaintiff in

---

[14] *McGraw*, 450 F.3d at 503.

[15] *Id.* at 505 (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir. 1990)).

[16] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[17] *Robbins v. Barnhart*, Action No. 04-1174 MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht*, 535 U.S. at 808).

this Court,[18] but no affidavit stating his usual hourly rate, despite bearing the burden of persuasion on his fee request.[19] However, counsel references a three-paragraph affidavit he submitted in support of his earlier motion for fees under the EAJA, which states that he is an experienced practitioner in the area of Social Security disability and that his usual hourly rate is $250.00.[20]

Consistent with *Gisbrecht*, this Court is mindful that it should not award "windfalls for lawyers" such that when "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."[21] Plaintiff's counsel seeks $12,000.00 in fees for 29.6 hours of work during the one year in which this case was pending in federal court, which would result in an effective hourly rate of $405.41. This rate exceeds counsel's usual hourly rate by $155.41, and counsel makes no argument to support that the requested rate is comparable to that charged by attorneys of like skill and experience in similar cases. However, counsel's requested rate is within the range of § 406(b) fees awarded by the Tenth Circuit[22] and judges in this district.[23] Further, the amount of time counsel spent on this case

---

[18] Doc. 34-3.

[19] *See Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (noting that the movant attorney had the burden of persuasion regarding the fee amount but failed to state his normal hourly fee or provide information on the hourly fees charged by attorneys of comparable skill on similar cases).

[20] Doc. 22-2, ¶ 3.

[21] *Gisbrecht*, 535 U.S. at 808 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989); *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).

[22] *See, e.g.*, *Russell v. Astrue*, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming the district court's reduction of fees from $17,184.10 to $11,884.10, which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of $611 that the requested $17,184.10 would have rendered).

[23] *See Kotchavar v. Comm'r of Soc. Sec. Admin.*, Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); *Tacey v. Berryhill*, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (finding requested fee award that would result in $536.14 hourly rate too large in comparison to time spent on case and reducing award to effective hourly rate of $388.50); *Williams v. Berryhill*, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); *Boyer v. Berryhill*, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (same); *Schoonover v. Colvin*, Case No. 12-

appears to be within the range of time typically expended in representing social security disability plaintiffs in this district.[24] Finally, counsel seeks a fee that amounts to substantially less than the upper limit permitted by statute and his contingent-fee agreement with Plaintiff.

Thus, recognizing that counsel obtained a favorable result of nearly seven years of past-due benefits, the Court finds the hours worked and the effective hourly rate reasonable. Therefore, the Court will award fees in the requested amount of $12,000.00.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Attorney's Fees (Doc. 33) is **granted**. Plaintiff's attorney, David H. M. Gray, is entitled to $12,000.00 in fees under 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount she is withholding from Plaintiff's past-due benefits. The Commissioner shall pay the remainder of the withheld benefits to Plaintiff.

**IT IS FURTHER ORDERED THAT** Plaintiff's counsel, David H. M. Gray, shall refund to Plaintiff $5,627.55, which he received as fees under the EAJA, after he receives $12,000.00 in attorney's fees from the Commissioner.

**IT IS SO ORDERED.**

Dated: December 4, 2018

---

1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); *Duff v. Colvin*, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); *Roland v. Colvin*, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); *Vaughn v. Astrue*, Civil Action No. 06-2213-KHV, 2008 WL 4307870, at *1–2 (D. Kan. Sept 19, 2008) (finding a fee with an effective hourly rate of $965.24 was "exorbitant" and reducing the award to an effective hourly rate of $344.73); *Smith v. Astrue*, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).

[24] *See, e.g., Kotchavar*, 2018 WL 6077988, at *3 (noting counsel spent 34.10 hours); *Boyer*, 2018 WL 2971499, at *1 (noting counsel spent 56.85 hours); *Russell*, 509 F. App'x at 696 (deciding counsel spent 28.1 hours); *Duff*, 2016 WL 3917221, at *2 (concluding counsel spent 34.3 hours); *Roland*, 2014 WL 7363016, at *1 (observing that counsel spent 30.5 hours).

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE